United States v. Galitsa

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand nineteen.

PRESENT: DENNIS JACOBS,
GERARD E. LYNCH,
       Circuit Judges,
LAWRENCE J. VILARDO,*
       District Judge.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

Appellee,

-v.-                                                    18-798

THIODORE IGOROVICH GALITSA, AKA
KRES KORNIK, AKA FYODOR GALITSA-
IGOROVICH, AKA TIODORE GALITSA, AKA

---

* Judge Lawrence J. Vilardo, United States District Court for the Western District of New York, sitting by designation.

**FEDOR GALITSA, AKA FYODOR HALISTA,**
          <u>**Defendant-Appellant.**</u>

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLEE:                       MICHAEL K. KROUSE, Assistant United States Attorney (Daniel B. Tehrani, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:      ALLEGRA GLASHAUSSER, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, <u>I</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Thiodore Galitsa appeals from a judgment from the Southern District of New York (Caproni, <u>I</u>.) convicting him of illegal reentry and making false statements following a jury trial.  On appeal, he challenges [i] several evidentiary rulings admitting his prior acts, criminal charges, and convictions, as well as [ii] the language used to cross-examine him about those incidents.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Courts have broad discretion over the admissibility of evidence and the scope of cross-examination, and such decisions are reviewed for abuse of discretion.  <u>United States v. Khalil</u>, 214 F.3d 111, 122 (2d Cir. 2000).  If an objection is preserved, we review for harmless error, considering "(1) the overall strength of the prosecutor's case; (2) the prosecutor's conduct with respect to the improperly admitted evidence; (3) the importance of the wrongly admitted

testimony; and (4) whether such evidence was cumulative of other properly admitted evidence." United States v. Gomez, 617 F.3d 88, 95 (2d Cir. 2010) (quoting United States v. Kaplan, 490 F.3d 110, 123 (2d Cir. 2007)). "Where the erroneously admitted evidence goes to the heart of the case against the defendant, and the other evidence against the defendant is weak, we cannot conclude that the evidence was unimportant or was not a substantial factor in the jury's verdict." Id. (quoting United States v. Rigas, 490 F.3d 208, 222 (2d Cir. 2007)). We will reverse only if an error affected "substantial rights." Fed.R.Crim.P. 52(a).

Galitsa contends that the government's inadvertent reference to Galitsa's prior arrests, rather than to his prior conduct, was error not rectified by the court's curative instruction and in fact compounded by the decision to allow inquiry into Galitsa's prior charges and convictions. However, unless there is an "overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense," we generally "presume that juries follow limiting instructions." Gomez, 617 F.3d at 96 (quoting United States v. Becker, 502 F.3d 122, 130 (2d Cir. 2007)). The jury was instructed that an arrest is not evidence of conduct, references to Galitsa's arrests should be disregarded, and no inferences should be drawn against him based on those arrests. We have no reason to believe the jury was unable to follow the court's instruction.

Galitsa also contests the district court's decision to allow testimony concerning a 2014 forgery charge that was ultimately dismissed, a 2015 conviction for petit larceny, and a 1997 conviction for burglary. The district court's evidentiary rulings may well have been error. But the government introduced what the district court aptly characterized as "a veritable avalanche of evidence" against Galitsa that rendered any error harmless. App'x 125. Galitsa's defense was that the federal officers responsible for deporting him freed him at the airport instead of ensuring he boarded a plane bound for Ukraine. The district court summarized what the jury would have been required to do to accept this story:

> discredit the testimony of ICE agents who testified to the procedures
> followed in removing Mr. Galitsa, contemporaneous notes taken by
> the ICE agents, and ICE records bearing Mr. Galitsa's fingerprints

3

that confirmed his removal, passenger manifests and Ukranian border records confirming that Mr. Galitsa was on the plane to Ukraine and arrived in Kiev, and bank records showing that Mr. Galitsa's bank card was used in Kiev on the day his flight arrived in Ukraine and that appeared to track Mr. Galitsa's movements as he moved around Eastern Europe before returning to the United States.

Id. So although the purported errors arguably go to the lynchpin of Galitsa's defense—his credibility—the evidence supporting guilt is compelling. In any event, the evidence Galitsa challenges is cumulative of other evidence impeaching his character for truthfulness, including false tax returns he allegedly created to corroborate his claim that he lived in the United States in 2011 and 2012. Even in combination, the purported evidentiary errors were harmless and do not require vacatur of the conviction.

We have considered the Appellant's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4